**Terrell PRATER, Respondent,**

v.

**EXECUTIVE INTERNATIONAL INN, Appellant.**

**No. 57391.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1990.

Ronald B. Wessel, Clayton, for appellant.

MacCarthur Moten, St. Louis, for respondent.

CRIST, Judge.

Workers' compensation case. Respondent (employee) was nineteen and one-half years of age when he received a back injury compensable under workers' compensation. Commission found employee was entitled to the maximum compensation rate of $150.33 per week for thirty weeks. We reverse and remand for determination of the compensation rate.

Employee was born on November 13, 1966. He was injured on May 17, 1986. The hearing was on January 17, 1989. Commission stated in its findings of fact and rulings of law:

> It was the testimony of the claimant that on the day of the accident ... he was a minor. Pursuant to § 287.250(10) RSMo. 1986, in computing the compensation to be paid claimant, the increased earning power of this minor until he attains the age of twenty-one shall be taken into consideration.... Accordingly, I find the claimant to be entitled to the maximum compensation rate in effect at the time of the stipulated accidental injuries, i.e., $150.33 for permanent partial disability.

There was no evidence presented from which commission could have found employee was entitled to an increase in compensation due to increased earning power during minority. *Horrell v. Chase Hotel,* 174 S.W.2d 881, 884[1] (Mo.App.1943). There must have been sufficient evidence to warrant a finding of probability of increased earning power and the probable amount thereof. Employee is not automatically entitled to increased benefits if found to be a minor. *See Nordhaus v. Lechtman*

*Printing,* 84 S.W.2d 422, 423[2] (Mo.App. 1935); *Kraus v. Sefton Nat. Fibre Can Co.,* 35 S.W.2d 920, 921[1, 2] (Mo.App. 1931).

For the reason a factual determination as to the average weekly wage must be determined from the record, we reverse and remand for that purpose.

Judgment is reversed and remanded for determination of employee's average weekly wage and his rate of compensation.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.